## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| **REGINA ARCHER and JAIME ARCHER,** | |
| | **CIVIL ACTION FILE NO.** |
| *Plaintiffs*, | |
| **v.** | |
| **DELTA LIFE INSURANCE COMPANY and DENNIS SMITH,** | **JURY DEMAND** |
| *Defendants*. | |

## <u>COMPLAINT</u>

**NOW COMES** Jaime Archer (hereinafter "Plaintiff J. Archer")  and Regina Archer (hereinafter "Plaintiff R. Archer")(hereinafter Plaintiff J. Archer and Plaintiff R. Archer collectively as "Plaintiffs") and assert this Complaint against Defendants Delta Life Insurance Company (hereinafter "Defendant Delta Life") and Dennis Smith (hereinafter "Defendant Smith")(collectively as "Defendants") for violations of Fair Labor Standards Act, 29 U.S.C. ¨201 *et. seq.* (hereinafter "FLSA"), Title VII of the Civil Rights Act of 1964, as amended, 42, U.S.C. § 2000e, *et seq.* (hereinafter "Title VII") and for state law claims for battery and negligent supervision/retention. Plaintiffs state more fully as follows:

*(Continued On the Next Page)*

## INTRODUCTION

1. Defendant Delta Life is a well-known, long standing Georgia based insurance agency with an office located in Athens, Georgia.  Defendant Delta life employed the Plaintiffs in its Athens, Georgia office. Plaintiff J. Archer worked from approximately one year while Plaintiff R. Archer worked for more than 30 years. Plaintiffs also endured working with Defendant Smith, a manager, who regularly and constantly discriminated against the Plaintiffs because they are women.

2., Defendant Smith was the Plaintiffs direct, ultimate supervisor.  Defendant Smith constantly, severely, and explicitly harassed, and touched, female employees based upon their sex.  For example, Defendant Smith would constantly touch female employees, would make comments about their bodies, including comments about their breasts, would ask questions about their personal lives, including questions or comments about sexual preferences and habits, Defendant Delta Life, in turn, either fired anyone who complained about Defendant Smith, despite Defendant Delta Life's knowledge of Defendant Smith's reprehensible and discriminatory behavior. As a result of Defendant Delta Life's systemic hostile environment, the Plaintiffs have brought suit under Title VII for hostile work environment discrimination and retaliation as well as under Georgia law for the torts of battery and negligent hiring/retention.

3. In addition, Defendant Delta Life also violated the FLSA when it required Plaintiff R. Archer to knowingly work through lunch but require Plaintiff R. Archer **not** record the time worked on her record of hours. As a result, Defendant Delta Life failed to pay Plaintiff R. Archer both her regular rate of pay as well as overtime earned in violation of the FLSA.

## JURISDICTION

4. Plaintiffs bring this action under Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq*. This Court has original jurisdiction pursuant to 29 U.S.C. 216(b) and 42 U.S.C. §2003e-5(f), 28 U.S.C. §§1331, §1132(a)(1)(B), 1337, 1343(a) and 1345. The Court has pendent jurisdiction over Plaintiffs' Georgia state law claims pursuant to 28 U.S.C. §1367.

## VENUE

5. Defendant Delta Life is a Georgia-based corporation with its corporate office located at 4370 Peachtree Road, Atlanta, Georgia 30319. Defendant Delta Life may be served through their Registered Agent, Hilton Howell. The actions described herein occurred at Defendant Delta Life's office located at 2500 West Broad Street, Suite 501, Athens, Clarke County, Georgia. Venue for this action properly lies in the Middle District of Georgia, Athens Division, pursuant to 42 U.S.C. §2003e-5(f)(3), 28. U.S.C. §1391(b) and §1391(c)(2), and Local Rule 3.1, and 3.4, M.D. Ga.

3

## PARTIES & DEFENDANT'S COVERAGE

6. Plaintiffs are both former employees of Defendant Delta Life.

7. Both Plaintiffs are female.

8. Plaintiff R. Archer worked as a supervisor from approximately 1993 to approximately March 2024.

9. Plaintiff J. Archer worked as a either an assistant from approximately September 2023 to March 2024 and as an office manager from approximately March 2023 to August 2024.

10. Plaintiffs worked within the preceding three (3) years of the date of the filing (hereinafter the "Actionable Term.")

11. Defendant Delta Life operates an insurance agency with an office at 2500 Atlanta Hwy, Suite 501, Athens, Georgia 30606 (hereinafter the "Office.")

12. Defendant Smith works as a manager on behalf of Defendant Delta Life at the Office and has been employed by Defendant Delta Life for at least twenty (20) years at the Office.

13. At all times during the Actionable Term, Defendant Delta Life employed fifteen (15) or more employees for each working day in at least 20 or more calendar weeks, including Plaintiffs.  As such, Defendant Delta Life is subject to, and governed by, Title VII.

14. On information and belief, Defendant Delta Life has employed one hundred (100) or more employees for each working day in at least 20 or more calendar weeks, including Plaintiffs.

14. Defendant Delta Life is a "person" within the meaning of 42 U.S.C. §2000e(a) and an "employer" within the meaning of 42 U.S.C. §2000e(b).

15. Defendant Delta Life operates a business offering insurance to the public on behalf of itself and/or other insurance companies in the Athens, Georgia area.

16. Defendant Delta Life utilizes interstate credit/debit card processing in the course of its business.

17. Defendant Delta Life utilizes the interstate banking system in the course of its business.

18. Customers of Defendant Delta Life, place orders for insurance via Defendant Delta Life's web site.

19. Defendant Delta Life and each of its employees, including office staff, insurance agents, and others operate within the stream of interstate commerce.

20. In calendar year 2022, Defendant Delta Life had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000), exclusive of excise taxes at the retail level, as defined in §3(s)(1) of the Act. 29 U.S.C. §203(s)(1).

21. In calendar year 2023, Defendant Delta Life had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000), exclusive of excise taxes at the retail level, as defined in §3(s)(1) of the Act. 29 U.S.C. §203(s)(1).

22. In calendar year 2024, Defendant Delta Life had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000), exclusive of excise taxes at the retail level, as defined in §3(s)(1) of the Act. 29 U.S.C. §203(s)(1).

23. Defendant Delta Life constitutes an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of §3(r), §3(s)(1), §6(a) and §7(a) of the Act, 29 U.S.C. §203(r), §203(s)(1), §206(a) and §207(a), for the years 2022 through 2024.

24. For the calendar year 2022, Defendant Delta Life is covered by, and subject to, the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 et. seq.

25. For the calendar year 2023, Defendant Delta Life is covered by, and subject to, the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 et. seq.

26. For the calendar year 2024, Defendant Delta Life is covered by, and subject to, the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 et. seq.

27. Defendant Delta Life, is an "employer" in an industry affecting commerce within the meaning of §3(d) of the Act, 29. U.S.C. §203(d).

28. Defendant Delta Life, was an "employer" of Plaintiff R. Archer as defined in §3(d) of the Act. 29 U.S.C. §203(d), in 2022.

29. Defendant Delta Life, was an "employer" of Plaintiff R. Archer as as defined in §3(d) of the Act. 29 U.S.C. §203(d), in 2023.

30. Defendant Delta Life, was an "employer" of Plaintiff R. Archer as as defined in §3(d) of the Act. 29 U.S.C. §203(d), in 2024.

## ADMINISTRATIVE CONDITIONS PRECENDANT

31. Plaintiffs satisfied all conditions precedent to filing this action, including filing Charges of Discrimination with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"). Plaintiff R. Archer's Charge of Discrimination is dated July 30, 2024, and Plaintiff J. Archer's Charge of Discrimination is dated October 10, 2024. See the attached Exhibit "A."

32. Plaintiffs received their Notices of Right to Sue from the EEOC, and this lawsuit is being filed within ninety (90) days of that receipt. The Plaintiffs' Notice of the Right To Sue are both dated November 20, 2024. See the attached Exhibit "B."

## FACTUAL ALLEGATIONS
### Sub-Part A: Plaintiff R. Archer's Sexual Harassment Claims

33. Plaintiff R. Archer began working for Defendant Delta Life on or about 1993.

34. Plaintiff R. Archer worked for Defendant Delta Life as a supervisor, paid hourly at the rate of $19.87 in the last three years, during her employment.

35. Plaintiff R. Archer was sexually harassed by the district manager who worked in the Office, Defendant Smith. This behavior was continuous, unwelcome, regular and constant during her time working in the Office with Defendant Smith.

36. Defendant Smith regularly put his hands on Plaintiff R. Archer's arm, arms, and/or shoulders in a suggestive manner when talking with Plaintiff R. Archer. This occurred on a weekly basis during the Employment Term.

37. The most recent incident of Defendant Smiths's grossly inapproproriate physical touching of Plaintiff R. Archer was some time in late February and/or early March 2024.

38. Plaintiff R. Archer regularly requested Defendant Smith to stop touching Plaintiff R. Archer but Defendant Smith continued the inappropriate, physically suggestive touching.

39. Defendant Smith also sexually harassed Plaintiff R. Archer by other means in the last three years.

40. By way of example, some time in late 2023 through March 2024, Defendant Smith stood by Plaintiff R. Archer while she was eating a subway sandwhich and made sexual sounds imitating oral sex with each bite R. Archer took of the Subway sandwhich.

41. By way of example, some time in late 2023 through March 2024, Defendant Smith stood by Plaintiff R. Archer while she was eating a hot dog and stated "I wish I was that hot dog."

42. By way of example, some time in late 2023 through March 2024, Defendant Smith noticed Plaintiff R. Archer wore a sweater with the initials RAC on the sweatshirt. Defendant Smith stated to Plaintiff R. Archer "I like your rack."

43. By way of example, multiple times in late 2023 through March 2024, Defendant Smith would stop by Plaintiff R. Archer's desk and stare at Plaintiff R. Archer in a lewd and lascivious manner.

44. By way of example, multiple times in late 2023 through March 2024, Defendant Smith would make regular and repetitive jokes about Plaintiff R. Archer's sex life with her husband, often insinuating what "treats" (implying sexual performance) Plaintiff R. Archer would provide for her husband.

45. After complaining to management of Defendant Smith's sexual harassment, Plaintiff R. Archer was terminated by Defendant Delta Life on March 8, 2024 for pretextual reasons.

## Sub-Part B: Plaintiff R. Archer's FLSA Claims

46. During the Employment Term, Plaintiff R. Archer was employed by the Defendant Delta Life as supervisor of the Office.

47. During the Employment Term, Plaintiff R. Archer was not employed as an insurance agent and/or insurance broker during the Employment Term.

48. During the Employment Term, Plaintiff R. Archer was paid on an hourly basis for her work by Defendant Delta Life.

49. During the Employment Term, Defendant Delta Life required Plaintiff R. Archer to report her hours on a worksheet each week.

50. During the Employment Term, Defendant Delta Life refused to allow Plaintiff R. Archer to report more than forty (40) hours in a week on the worksheet.

51. During the Employment Period, Plaintiff R. Archer regularly and consistently began work at approximately 8:00 AM and worked until at least 5:00 PM each work day.

52. During the Employment Period, Plaintiff R. Archer regularly and consistently worked through the lunch period of 12:00 PM to 1:00 PM on Monday through Thursdays at her desk, generally answering phone calls, talking with customers, and responding to the needs and work tasks of the business.

53. During the last three years of her employment (if not before), Plaintiff R. Archer regularly and consistently worked through the lunch period of 12:00 PM to 1:00 PM on Fridays by driving to the bank and post office on behalf of Defendant Delta Life, as well as generally answering phone calls, talking with customers, and responding to the needs and work tasks of the business at her desk.

54. Plaintiff R. Archer was not an exempt employee under FLSA §13(a)(1), 29 U.S.C. §213(a)(1).

## DEFENDANT DELTA LIFE'S ACTIONS WERE "WILLFULL"

55.    Defendant Delta Life either knew, or acted with reckless indifference, that their failure to pay minimum wages and/or overtime wages of Plaintiff R. Archer as for work performed during her lunch period violated FLSA.

56.    On information and belief, Defendant Delta Life never sought any professional advice regarding their legal obligations under the FLSA.

57.    On information and belief, Defendant Delta Life never sought any professional advice regarding the proper payment of workers as employees or payment of overtime under the FLSA.

### Sub-Part C: Plaintiff J. Archer's Sexual Harassment Claims

58.    Plaintiff J. Archer began working for Defendant Delta Life in or about September 2023.

59. Plaintiff J. Archer was initially employed by Defendant Delta Life as an assistant but subsequently promoted to office manager in or about March 2024.

60. Plaintiff J. Archer was initially paid an hourly wage at the rate of $12.00 per hour for her work as an assistant and subsuquently paid $14.00 per hour as an office manager.

11

61. Plaintiff R. Archer was sexually harassed by the district manager who worked in the Office, Defendant Smith. Defendant Smith's sexual harassment was unwelcome, continuous, regular, and constant during Plaintiff J. Archer's work days at the Office.

62. By way of example, some time in 2024, Plaintiff J. Archer was discussing work related matters with a female colleague who stated "I am late but I am coming." Defendant Smith responded by stating "I'm coming, I'm coming" in a pornographic manner.

63. By way of example, some time in 2024, Plaintiff J. Archer was discussing gardening while at the Office and stated she had seen a black snake in the garden. Defendant Smith responded by saying a female colleague that dated African American men "likes long black snakes."

64. By way of example, some time in 2024, Plaintiff J. Archer was working when Defendant Smith stated he was going to spank Plaintiff J. Archer, a reference to the sexual practice of spanking a partner during intercourse.

65. Plaintiff J. Archer regularly and consistently asked Defendant Smith to stop the sexual harassment and sexual innuendo at work during Plaintiff J. Archer's work days at the Office.

66. Despite Plaintiff J. Archer's regular and repeated requests to Defendant Smith that he stop the sexual harassment and sexual innuendo, Defendant Smith did *not*

stop the sexual harassment and sexual innuendo while working with Plaintiff J. Archer at the Office.

67. Defendant Delta Life was aware of Defendant Smith's sexual harassment and sexual innuendo while working at the Office but did not take any action to counsel, punish, and / or terminate Plaintiff J. Archer while she was working at the Office.

68. On or about August 9, 2024, Plaintiff J. Archer complained of Defendant Smith's sexual harassment and sexual innuendo to her supervisor.

69. As a result of Plaintiff J. Archer's complaint regarding Defendant Smith's sexual harassment and sexual innuendo to her supervisor, Defendant Delta Life terminated Plaintiff J. Archer's employment for pretextual reasons.

70. Defendant Delta Life terminated Plaintiff J. Archer because she complained to her supervisor about Defendant Smith's sexual harassment and sexual innuendo while Plaintiff J. Archer worked in the Office.


### COUNT I – TITLE VII – HOSTILE WORK ENVIRONMENT

71. Plaintiffs restate and reallege paragraphs one (1) through seventy (70), *supra*.

72. Plaintiffs are female and therefore are members of a protected class under Title VII.

73. Plaintiffs were discriminated against and harassed based upon their sex by Defendant Delta Life supervisor and/or employee, especially by Defendant Smith.

74. The discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Plaintiffs, were viewed as subjectively hostile and abusive by Plaintiffs, and would be viewed as objectively hostile and abusive to a reasonable person.

75. Plaintiffs complained numerous times to Defendant Delta Life about Defendant Smith's behavior, discrimination and harassment, and Defendant Delta Life had actual or constructive knowledge of the ongoing discrimination and harassment.

76. Defendant Delta Life failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Plaintiffs.

77. Defendant Delta Life discriminated against Plaintiffs on the basis of sex in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

78. The unlawful employment practices described above were intentional and were done with malice or with reckless indifference to the federally protected rights of the Plaintiffs.

79. As a result of Defendant Delta Life's unlawful actions, Plaintiffs have suffered lost compensation, emotional distress, inconvenience, humiliation, and other indignities.

80. Plaintiffs are entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII.

## COUNT II – TITLE VII – RETALIATION
## (AS TO DEFENDANT DELTA LIFE)

81. Plaintiffs restate and reallege paragraphs one (1) through seventy (70), *supra*.

82. Plaintiffs engaged in statutorily protected activity by opposing conduct and actions made unlawful under Title VII.

83. Plaintiffs engaged in protected activity when they complained about discrimination and harassment based upon sex.

84. In retaliation for their complaints, Plaintiffs were fired. The stated reasons, in each case, were pretextual.

85. There is a causal connection between the complaints of Plaintiffs and the materially adverse actions taken against them by Defendant Delta Life.

86. The retaliation endured by Plaintiffs would dissuade a reasonable employee from making complaints of discrimination and harassment.

87. Defendant Delta Life retaliated against Plaintiffs for engaging in protected activity in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a).

88. The unlawful employment practices described above were intentional, and were done with malice or with reckless indifference to the federally protected rights of the Plaintiffs.

89. As a result of Defendant Delta Life's unlawful actions, Plaintiffs have suffered lost compensation, emotional distress, inconvenience, humiliation, and other indignities.

90. Plaintiffs are entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII.

## COUNT III – INVASION OF PRIVACY & BATTERY – INAPPROPRIATE TOUCHING (AS TO DAVID SMITH)

91. Plaintiff R. Archer restates and reallege paragraphs one (1) through forty-five (45), *supra*.

92. As describe more fully in each Plaintiff R. Archer's fact section, Defendant Smith routinely and constantly touched Plaintiff R. Archers inappropriately and deliberately brushed against Plaintiff R. Archer in a sexually suggestive manner.

93. On every occasion that Defendant Smith touched Plaintiff R. Archer in an offensive manner without permission or other justification, Defendant Smith committed battery. Plaintiff R. Archer suffered, *inter alia*, emotional distress as a direct result of Defendant Smith's batteries.

94. Defendant Smith is liable for all general and special damages proximately resulting from each battery of Plaintiff R. Archer.

95. Defendant Delta Life ratified Defendant Smith's behavior by, *inter alia*, retaining Defendant Smith after having actual or constructive knowledge of his unlawful behavior.

96. The acts of Defendant Smith were intentional and humiliating. Defendant Delta Life's acquiescence in the harassment of their employees further evinces a conscious disregard for the circumstances and rights of others, and a specific intent to cause harm. Plaintiff R. Archer is accordingly entitled to recover from Defendant Delta Life, in addition to their compensatory damages, an award of punitive damages under the laws of the State of Georgia, including but not limited to O.C.G.A. § 51-12-5.1, to punish Defendant Delta Life, or to deter them from repeating such wrongful acts.

### COUNT IV – NEGLIGENT HIRING, SUPERVISION & RETENTION (AS TO DEFENDANT DELTA LIFE)

97. Plaintiffs restate and reallege paragraphs one (1) through seventy (70), *supra*.

98. Under these facts, it was foreseeable to Defendant Delta Life that Defendant Smith would engage in the sexual harassment of Plaintiffs.

99. Defendant Delta Life was put on notice of Defendant Smith's behavior as early as Plaintiffs' complaints to Defendant Delta Life's management and/or, on

information and belief, other employees complaints to Defendant Delta Life's management.

100. Defendant Delta Life nevertheless failed and refused to act to protect Plaintiffs.

101. Defendant Delta Life was willfully negligent in their hiring, supervising, and/or continuing employment of Defendant Smith.

102. By retaining Defendant Smith after they knew or should have known of Defendant Smith's propensity to engage in sexual harassment, Defendant Delta Life breached their legal duty to Plaintiffs.

103. As a result of Defendant Delta Life's negligence, which was gross and in reckless disregard for Plaintiffs' health and safety, Plaintiffs have suffered physical harm, psychiatric harm, anguish, humiliation, and/or other indignities.

## COUNT V – ATTORNEYS' FEES & COSTS
## PURSUANT TO O.C.G.A §13-6-11 (AS TO DEFENDANT DELTA LIFE)

104. Plaintiffs restate and reallege paragraphs one (1) through seventy (70), *supra*.

105. Defendant Delta Life has acted in bad faith, been stubbornly litigious, and/or caused Plaintiffs unnecessary trouble and expense in litigating this case, and Plaintiffs are thus entitled to recovery of their expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

106. Plaintiffs have put Defendant Delta Life on notice that Plaintiffs seek attorneys' fees, litigation costs, and expenses from Defendant Delta Life.

## COUNT VI – PUNITIVE DAMAGES
## PURSUANT TO O.C.G.A §51-12-5 (AS TO DEFENDANT DELTA LIFE)

107. Plaintiffs restate and reallege paragraphs one (1) through seventy (70), *supra*.

108. The acts of Defendant Smith were intentional and humiliating. Defendant Delta Life acquiescence in the harassment of their employees further evinces a conscious disregard for the circumstances and rights of others, and a specific intent to cause harm. Plaintiffs are accordingly entitled to recover from Defendant Delta Life, in addition to their compensatory damages, an award of punitive damages under the laws of the State of Georgia, including but not limited to O.C.G.A. § 51-12-5.1, to punish Defendant Delta Life, or to deter them from repeating such wrongful acts.

## COUNT VII: FAILURE TO PAY MINIMUM WAGE –
## WORKING OFF THE CLOCK (AS TO DEFENDANT DELTA LIFE)

109. Plaintiff R. Archer restate and reallege paragraphs one (1) through seventy (70), *supra*.

110. Defendant Delta Life's willful failure to pay Plaintiff R. Archer for all hours worked, including but not limited to work during lunch time, constitutes a violation of the §6 of the Act, 29 U.S.C. §206.

111. Defendant Delta Life owes Plaintiff R. Archer back wages in an amount to be determined at trial for all unpaid but otherwise compensable time pursuant to 29 U.S.C. §206 and §216.

112. Additionally, Defendant Delta Life owe Plaintiff R. Archer liquidated damages in an equal amount for all unpaid but otherwise compensable time pursuant to 29 U.S.C. §206 and §216.

113. Additionally, Defendant Delta Life owe Plaintiff R. Archer her reasonable attorneys' fees and costs associated with this Action pursuant to 29 U.S.C. §216.

## COUNT VIII:  FAILURE TO PAY OVERTIME
## WAGES UNDER THE FLSA (AS TO DEFENDANT DELTA LIFE)

114.   Plaintiff R. Archer restate and reallege paragraphs one (1) through seventy (70), *supra*.

115.   For all workweeks in the Employment Period in which Defendant Delta Life employed Plaintiff R. Archer, Defendant Delta Life violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, by failing to pay Plaintiff R. Archer one-and-one-half (1.5) times her "regular rate" of pay for all hours worked in excess of forty (40) hour per workweek.

116. Defendant Delta Life owes Plaintiff R. Archer back wages for all unpaid overtime, in an amount to be determined at trial, pursuant to 29 U.S.C. §207 and §216.

117. Additionally, Defendant Delta Life owes Plaintiff R. Archer liquidated damages in an equal amount for all unpaid overtime wages pursuant to 29 U.S.C. §207 and §216.

118. Additionally, Defendant Delta Life owes Plaintiff R. Archer her reasonable attorneys' fees and costs associated with this Action pursuant to 29 U.S.C. §216.

## JURY TRIAL

119. Plaintiffs request that these claims in this matter be tried by a jury.

## PRAYER FOR RELIEF

120. **WHEREFORE**, Plaintiffs respectfully requests that this Court:

  A. Grant Plaintiffs a trial by jury as to all triable issues of fact;

  B. Enter a judgment declaring that Plaintiffs' rights under Title VII have been violated by Defendant Delta Life;

  C. Award lost income, prejudgment interest, compensatory damages and punitive damages to Plaintiffs, and all similarly situated former employees, to fully compensate them for their injuries caused by Defendant Delta Life's

discriminating, harassing and retaliatory conduct, pursuant to and within the statutory framework of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a;

D. Enter a judgment declaring that Plaintiffs' rights under Georgia law have been violated by Defendant Smith;

E. Enter a judgment declaring that Defendant Delta Life is liable to Plaintiffs for the torts of Defendant Smith on the theory of negligent retention and/or negligent supervision and/or ratification;

F. Award Plaintiffs all damages available under the Georgia law, including general damages, special damages, lost income, compensatory damages, actual damages, and prejudgment interest thereon;

G. Award Plaintiffs punitive damages based on Defendant Delta Life's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

H. Award Plaintiffs their reasonable attorney's fees and expenses of litigation on Plaintiffs' state law claims pursuant to O.C.G.A. § 13-6-11;

I. That the Court find and declare that Defendant Delta Life has violated the Fair Labor Standards Act §201 *et. seq.*, to have failed to properly pay the Plaintiff R. Archer minimum wages as required, and to have acted "willfully" thus entitling Plaintiff R. Archer to liquidated damages under the FLSA;

J.  That Defendant Delta Lie be ordered to pay Plaintiff R. Archer back wages equaling the minimum required and/or her regular rate under §6 of the FLSA 29 U.S.C. §206, for all applicable workweeks;

K.  That Defendant Delta Life be ordered to pay Plaintiff R. Archer back over time wages equaling to one-and-one-half her regular rate under §6 of the FLSA 29 U.S.C. §206, for all applicable workweeks;

L.  That Defendant Delta Life be ordered to pay Plaintiff R. Archer liquidated damages under the FLSA;

M. That Defendant Delta Life be ordered to pay Plaintiff R. Archer's reasonable attorney's fees and costs of this action pursuant to the FLSA, 29 U.S.C. §216; and,

N.  Award such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted this sixteenth (17th) day of February, 2024.

*/s/ Peter H. Steckel*
Peter H. Steckel
Georgia Bar Number 491935
*Counsel for Plaintiffs*

Steckel Law, L.L.C.
1120 Ivywood Drive
Athens, Georgia 30606
(404) 717-6220
Email: peter@SteckelWorkLaw.com