## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| REGINA ARCHER and JAMIE ARCHER, | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION NO.  3:25-cv-00025-TES** |
| v. | ) | |
| | ) | |
| DELTA LIFE INSURANCE COMPANY and DENNIS SMITH, | ) | |
| | ) | |
| **Defendants.** | ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiffs Regina Archer ("Plaintiff R. Archer") and Jaime Archer ("Plaintiff J. Archer") (collectively, "Plaintiffs") are former employees of Defendant Delta Life Insurance Company ("Defendant Delta").  Plaintiffs' lawsuit alleges sexual harassment, retaliation and related claims against Defendant Delta and Defendant Dennis Smith ("Defendant Smith").  Plaintiff R. Archer also alleges wage and hour claims against Defendant Delta.  Defendants Delta and Smith deny Plaintiffs' allegations and assert that they acted in compliance with all applicable laws;

WHEREAS, the purpose of this [Proposed] Stipulated Protective Order is to prevent the disclosure of matters deemed confidential or otherwise protected under the terms of this Order to persons or entities other than those involved in the

prosecution or defense of this litigation and to facilitate the exchange of information among the parties;

WHEREAS, this [Proposed] Stipulated Protective Order is necessary to protect all of the parties and other persons from disclosure of private and/or confidential information, as well as to safeguard confidential business and proprietary information;

WHEREAS, due to the nature of Plaintiffs' allegations, it is anticipated that discovery in this case may seek the following information from parties and non-parties: financial, tax, medical and personnel information; other private or confidential documents regarding the parties and non-parties and Defendant Delta's employees; confidential business information concerning the business of Defendant Delta ("Protected Material");

WHEREAS, the parties recognize that the public disclosure of such confidential information may cause injury to Plaintiffs, Defendant Delta and Defendant Smith and/or current or former employees of Defendant Delta not parties to this litigation;

WHEREAS, this Stipulated Protective Order protects Plaintiffs, Defendant Delta and Defendant Smith and prohibits the public release of information deemed confidential under the terms of this Order, while allowing the parties access to

information each seeks to discover and minimizing any potential harmful effects on either the parties or non-parties;

WHEREAS, the Court finds that the parties properly seek to protect such confidential, proprietary and/or protected information, as well as to protect all parties and non-parties from any annoyance or embarrassment that unrestricted disclosure may potentially cause;

WHEREAS, good cause therefore exists to protect the Protected Material from public disclosure;

IT IS HEREBY STIPULATED, subject to the Court's approval, that the following provisions shall govern the handling of such confidential information and documents in the Action.

1.    <u>LIMITATIONS</u>

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that is (i) information protected from disclosure by statute, (ii) sensitive personal, technical, business, or financial information, (iii) trade secrets, (iv) confidential proprietary or commercial information, or (v) documents that the Producing Party in the ordinary course of business does not or would not disclose to a Party except in confidence, or has undertaken to maintain in confidence, and/or is under a preexisting obligation to maintain as confidential or private — and designated as "CONFIDENTIAL" by the Producing Party in the manner provided below.

2.3     Counsel:  Counsel of Record.

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.7     <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.8     <u>Counsel of Record</u>:  attorneys, as well as their employees, who are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are employed by a law firm which has appeared on behalf of that Party.

2.9     <u>Party</u>:  any named party to this Action, including Defendant Delta's officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staff).

2.10    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.11    <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.13    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

3.1    The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from the Designating Party or from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party, and (c) information that was independently created by the Receiving Party.    However, if the accuracy of information is confirmed only through the review of Protected Material, then the information shall not be considered to be in the public domain.    For example, unsubstantiated media speculations or rumors that are later confirmed to be accurate through access to Protected Material are not "public domain" information.    Such information is

explicitly included in the definition of "Protected Material" set forth in Section 2.13 above. Any use of Protected Material at trial or any pretrial hearing shall be governed by a separate agreement or order.

4.    DURATION

4.1    Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material

that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (*e.g.*, paper or electronic documents aside from those produced in native form, *i.e.*, excel documents), that the Producing Party affix the legend "CONFIDENTIAL" to each page.  For native documents, the Producing Party shall affix the legend "CONFIDENTIAL" to the cover page for the document produced in native form.

(b)    <u>for testimony given in deposition or other pretrial or trial proceedings that the Designating Party either (1) identifies on the record or (2) identifies, in writing</u>, within 21 days of receipt of the final transcript, that the transcript shall be treated as "CONFIDENTIAL."

5.3    Parties shall give the other Parties notice if they reasonably expect a deposition or other pretrial or trial proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not in any way affect its designation as "CONFIDENTIAL."

5.4    Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and each following

page of the transcript shall be marked with a legend indicating whether the transcript is "CONFIDENTIAL." The Designating Party shall inform the court reporter of these requirements.

5.5 <u>For information produced in some form other than documentary and for any other tangible items</u>, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5.6 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.7 <u>Documents Produced Prior to Entry of Order.</u> Any document produced before issuance of this Order shall receive the same treatment as if it had been designated "CONFIDENTIAL" under this Order unless and until such document is re-designated to have a different classification under this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer.</u>    The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention.</u>  If the Parties cannot resolve a challenge without court intervention, the Parties shall comply with the Court's procedures for submission of a discovery dispute explaining the nature of the dispute within seven

(7) days from the meet and confer. Counsel shall certify that they met in good faith and were nevertheless unable to resolve the dispute. Counsel may submit the letter jointly, but if the letter is not submitted jointly, then the letter shall be submitted by the Challenging Party, and the Designating Party shall have three (3) days to file a letter either responding to the original letter or requesting additional time to respond. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action and associated appeals. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(d)    the Court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants who have signed a confidentiality agreement, and/or Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information (employees of a Producing Party shall be deemed to have possessed or knew of the Producing Party's confidential information); and

(h)    any mediator who is assigned to this matter, and his or her staff.

7.3    <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" Information or Items to Experts</u>.

(a)    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL" pursuant to Section 5, must first make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party to the litigation for whom such work was done, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or

testimony at a deposition or trial, during the preceding five years.  With regard to the information sought through part (4) of this disclosure, if the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

(b)    A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 10 days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may comply with the procedures for Discovery Matters and Disputes Relating to Protective Orders as set forth in the Scheduling Order within seven (7) days from the meet and confer, including submission of a joint letter.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

8.1    If a Party is served with a subpoena or a court order issued in other litigation that compels reproduction of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not reproduce any information designated in this Action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's

permission.  The Designating Party shall bear the burden and expense of seeking

protection in that court of its confidential material, and nothing in these provisions

should be construed as authorizing or encouraging a Receiving Party in this Action

to disobey a lawful directive from another court.

8.2     The provisions set forth herein are not intended to, and do not, restrict

in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or

(f).

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
       PRODUCED IN THIS ACTION

The terms of this Order are applicable to information produced by a Non-Party

in this Action and designated as "CONFIDENTIAL" insofar as Non-Parties agree

to be bound by this Order.  Such information produced by Non-Parties in connection

with this Action is protected by the remedies and relief provided by this Order.

Nothing in these provisions should be construed as prohibiting a Non-Party from

seeking additional and/or different protections.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (a) notify in

writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

to retrieve all unauthorized copies of the Protected Material, (c) inform the person

or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) of the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall promptly gather and either destroy or return all copies of such documents, information or other material to the Producing Party. For any pages containing privileged or otherwise

protected markings by the recipient(s), such pages shall instead be promptly destroyed and certified as such to the Producing Party.

12.    <u>MISCELLANEOUS</u>

12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>.  If a party seeks to rely upon any evidence covered by this Protective Order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion or opposition and/or 14 days prior to the hearing or pretrial conference.  The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party may also file a motion to seal stating a compelling reason to require that the materials be filed under seal.  Any response to the motion to seal shall be filed within 7 days.  Although any motion to seal must be filed on the public docket, any briefs in support of or opposition to the motion to seal, along with exhibits thereto, may be filed with restricted access so

they are accessible only by the Court and the opposing party or parties; the parties must contemporaneously file redacted versions of the briefs on the public docket. The parties should not count on a same-day or next-day ruling on a motion to seal. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery Protective Order. In the meantime, before the Court has had the opportunity to rule upon whether a motion that contains protected material should be permitted to be filed under seal, the party filing the document that includes the protected material shall file its motion/filing with restricted access so that it may be accessed only by the Court and the opposing parties and shall contemporaneously file a redacted copy of the motion/filing on the public record that redacts the protected material. If a motion to seal is denied, the Court will direct the Court to un-restrict the restricted filing.

12.4   <u>Privilege Logs.</u>   No Party is required to identify on its respective privilege log any document or information generated after the filing of the Complaint. The Parties shall exchange their respective privilege logs at a time to be agreed upon by the Parties or as otherwise ordered by the Court.

13.    <u>FINAL DISPOSITION</u>

Within sixty (60) days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    <u>NO WAIVER.</u>

Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.  Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Protected Material to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of Protected Material. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

15.    <u>OTHER PROCEEDINGS.</u>

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

16.  <u>JURISDICTION.</u>

The United States District Court for the Middle District of Georgia is responsible for the interpretation and enforcement of this Order.  After termination of this Action, the provisions of this Order shall continue to be binding until a Producing Party agrees otherwise in writing or a court order otherwise directs, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following termination of this litigation.

Dated: September 16, 2025

***/s/ Peter H. Steckel***
Peter H. Steckel
Georgia Bar No. 491935
peter@steckelworklaw.com
Steckel Law, L.L.C.
1120 Ivywood Drive
Athens, Georgia 30606
Telephone: (404) 717-6200
*Attorney for Plaintiffs*

***/s/ William C. Vail Jr.***
William C. Vail Jr
(Bar No. 630697)
Clayton Christopher Vail Nedza
(GA Bar No. 407527)
Polsinelli PC
1201 West Peachtree Street NW, Suite 1100
Atlanta, GA 30309
(404) 253-6000
wvail@polsinelli.com
cnedza@polsinelli.com

*Attorneys for Defendant Delta Life Insurance Company.*
***/s/ Roy E. Manoll, III***
Roy E. Manoll, III
(GA Bar No. 469710)
Fortson, Bentley and Griffin, P.A.
2500 Daniell's Bridge Road

Building 200, Suite 3A
Athens, Georgia 30606
(706) 548-1151
rem@fbglaw.com

*Attorney for Defendant Dennis Smith*


IT IS SO ORDERED, this  17th  day of September, 2025.


 S/ Tilman E. Self, III
Tilman E. (Tripp) Self
United States District Judge